IlBBIPlllLTi, Oil. J.
The ground upon which the demurrer was supported below, and which has been urged, is that the deed made by the minors was not void, but voidable, and could be avoided by them only after attaining majority.
We will consider, in (he iirst place, whether the deed be void or voidable. It is important to ascertain the exact signification of these terms, as upon that depends the character of the act, and the rights, obligations, and liabilities of parties and of strangers to the transaction. A void act, as defined in the latter cases and by approved authorities, is one which is entirely null, not binding on either party.' and not susceptible of ratification ; and a voidable act is one which is obligatory upon others until disaffirmed by the party with whom it originated anil wliicli may bo subsequently ratified or confirmed. Such is tlie import of those terms; but on examining the earlier cases it will be found that they were frequently confounded. Tlie term void was frequently used when it was intended to imply only that tlie act was not binding, or that its obligation might be. avoided by (lie'infants. (Bingham on Infancy, p. 18.)
As questions growing'out of the acts of minors, under our former laws, may and will arise, it may lie, well to remember that the distinction between void and voidable, as recognized by the authorities at common law in relation to this special subject, is not known to Spanish jurisprudence; at least a void act is not characterized by all of the same incidents.
For instance,one of the. results of the nullity of an act of a minor at common law is stated to be ils (insusceptibility of ratification.
No such consequence follows under tlie laws of .Spain. If a sale, for instance, of a minor’s real property be absolutely null for tlie want of indispensable legal solemnities, it may, nevertheless, bo either expressly or tacitly ratified. Whether the act be prima fade good, the sale having been attended with all legal formalities, yet subject to avoidance on the ground of lesion, or whether it lie absolutely null for tlie want of any of these formalities, is immaterial. In either case it, becomes valid by tlie assent and approbation of tlie minor after attaining
adult age. (10 Mart. R., 270; Febrero, vol. 5, pp. 379-80.) The reason of tlie rule is very satisfactory. Tlie privilege for avoiding for lesion, or of considering tlie contract void when nullities have intervened, is in either and in both eases for tlie benefit of tlie minor. His interests are consulted. The rule is designed for his 'protection, and consequently lie may waive or renounce bis privilege when he deems it advantageous to his interest. (Febrero, vol. o, p. 378.) it is a general principle of the Spanish law that any person who has the capacity to dispose of liis property by contract, will, &c., miry by his voluntary act renounce a present or future right. (Febrero, voi. 2, p. 248.) There are some exceptions to this rule ; as, for instance, tlie right- to a future succession cannot bo alienated, as this might induce schemes to compass tlie death of the present owner and affect tlie free exercise of his testamentary power. But, as a necessary result of the capacity conferred by law, a party may renounce tlie privileges consequent upon tlie nullity of contracts or sales made by him during infancy. There are nullities, however, which cannot be cured by ratification, as in tlie instances above cited, or where the stipulations are in derogat ion of good morals or public order or policy; but nullities for the benefit of individuals may be renounced and the contracts validated by .their express or tacit continuation. (3 Annual R., 328 ; Meares v. Bobinson and Wife, decided at this term.)
These observations are made that there may lie no misapprehension as to tlie force or precise meaning of the terms “void” or “null,” when used with reference to the acts of minors as affected by tlie laws of Spain, and tlie modification of that meaning when employed with reference to their acts under the common law.
Notwithstanding tlie many attempts of the bench, the profession, and jurists to elucidate the subject, yet tlie questions as to what acts of minors shall be regarded as void and what voidable, and wliat tlie criterions by which the precise character of tlieir acts shall be determined, remain involved in doubt and *44 difficulty. Some of their contracts, as for instance, for necessaries, are valid, and consequently binding on botli parties. So far everything- is clear. There is no doubt about the standard of validity. But when these confines are passed, confusion, uncertainty, aud conflict of opinion begin to prevail, and we arc left in doubt, not only as to what acts shall be regarded void and what voidable, hut as to tlie grounds or tests by which they shall be adjudged tlie one or tlie other.
Tlie tendency of decisions, for a century at least, has been for the extension of the rule that tlie acts of infants shall be deemed voidable only, aud subject to their election either lo affirm or disallow them. (2 Kent’s Comm., 193.) Where a deed has been delivered, its character of voidability lias by some been placed on the ground of tlie solemnity of the instrument, and by others that there is a semblance of benefit to tlie infant from the matter of tlie deed upon the face of it. In Zouch v. Parsons, 3 Burr, 1794, these points wore discussed, and though this case lias been questioned as authority in England, yet its doctrines have been sanctioned in the various courts of tlie United States, and have received a more liberal extension in their decisions on the subject-matter. In that case, in relation to the effect of tlie solemity of tlie instrument, the following- rule from Perkins was cited witli approbation: “All such gifls, grants, or deeds made by infants, which do not take effect by delivery of his hand, are void; but all gifts, grants, or deeds made by matter in deed, or in writing, which do take effect by delivery of his hand, áre voidable by himself, his heirs, and by those who have his estate.” And tile court says that tlie words “ which take effect” are an essential part of tlie definition, and exclude letters of attorney or deeds which delegate a mere power aud convey no interest; (hat there was no difference between a feoffment and deeds which convey an interest, for tlie reason that the delivery of the deed must bo in tlie, presence of file witnesses as much as tlie living assignee.; tlie ceremony is as solemn; (lie presumption that the witness would not attest, if they saw in him an infant, applies equally to both. “Powers
of attorney are an exception to 1 lie general rule that the deeds of infants are only voidable, and a power to receive seizure is ail exception to that. The end of'tlie privilege is to protect infants, and to that object all the rules and their exceptions must he directed.” But be the point as to the solemnity of the. delivery as it may, (aud there were respectable sayings the other way,) tlie court held that it was not necessary to their determination, for they were all of opinion that tlie consideration received and other circumstances of tlie transaction showed a semblance of benefit to the infant sufficient to make it voidable only upon the matter of tlie conveyance.
Reeves, in his Treatise on Domestic Relation, expresses the rule in the following terms: “Purchases by ail infant are voidable. Conveyances are voidable only when they take effect by delivery; but if tlie infant’s privilege will not 1)0 sufficiently protected by considering them as voidable, they are void. Executory contracts are all voidable only. There is no contract executed or executory but what is voidable only if tlie contract lias taken effect by delivery, excepting cases of delegated powers.” (P. 254.)
This last position is questioned in 14 Mass., 462, audit was said that “no satisfactory reason nan be assigned for tlie position that .a power of attorney, executed by an infant, was absolutely void, and that, perhaps, it might bo assumed as a principle that all simple contracts by infants which are not founded on an illegal consideration are, strictly, not void, but only voidable. They remain a legal substratum for future assent, until avoided by the infant; aud if, instead of avoiding-, he confirm them when lie has a legal capacity to make a contract, they are, in all respects, like contracts by adults.”
The justness of (he views presented in this opinion is very striking-, and they apply with special force, to the condition of property in this State. Tlie lands of individuals are frequently situate in counties remote from each other and from the residence of the owner.
It is a matter of great convenience, if not of absolute necessity, that *45 sales should be effected by agents, and it seems quite preposterous that a sale by a minor, which must necessarily or may most conveniently be made through the intervention o£ an attorney in fact, should be void, but if made by himself would only be voidable. His infancy, instead of operating beneficially, would, under such circumstances, be perverted to his injury. If the act be void, it is not binding on others; and if the property depreciate after the sale, it might be thrown back upon his hands, and his infancy would then be turned against him, and, instead of shielding himself, would protect others. ‘
‘ It is impracticable, under the circumstances, to review all or many of the decisions on the 'question now under discussion. The subject is still involved in obscurity. Tim test of the character of the act, as dependent upon manual delivery of the deed, has very little foundation in reason. It can afford but a wry flimsey protection, which is the object of the rule; and it is repudiated by Bingham in his admirable treatise on Infancy, p. 10; and he refers to an instance of an act by an infant which does not take effect by delivery of his hand, but which is not void ; and that is the ease of a parol lease for years. Upon this the infant can recover for rent in arrear, which he could not do if the act were void; and further, that this criterion comprehends only gifts, grants, and deeds, and is not sufficiently extensive for general application. The remaining test, that there must he some semblance of benefit to an infant, is apparently better adapted to the protection of the infant, and is better supported by the authorities.
The rule, is expressed by Oldef Justice Eyre, in Keane v. Boycott, (2 II. Bl. R.,) in the following terms; “ When the court can pronounce the contract to be to the infant's prejudice., it is void; and when to his benefit, as for necessaries, it is good; and when the contract is of an uncertain nature., as to benefit or prejudice, it is voidable only, at the election of the infant.”
This is something better than the test arising from the solemnity
of the instrument. Bui. (here may be contracts which a court may deem prejudicial to the infant, but which he, for good reasons, may know to be otherwise. Anil in such ease, if the act be void, its benefits cannot bo made available at liis election. Tt is not. binding on the other party, and lie may refuse compliance with its obligations. Rerhaps it would he more consonant with sound policy to hold that none of the acts of an infant should he deemed void on the mere technical ground of infancy alone, but that they should, be held binding on others, and voidable at the election of the infant, unless they be such as by the policy of the law aro deemed and held to be valid.
This is apart, from cases where actual fraud exists or advantage is taken of the minor's imbecility. In all such tile contracts would be'void; and so they would be. where the consideration was illegal, or against public policy, or incompatible with the confidential relations existing between the, minor and others.
On examination of the authorities, and with due regard to the object to he attained by the privilege of the infant, viz, his protection, we are justified in concluding that any delivery of a deed or thing granted, which, if done by an adult, would pass the title, will, if done by an infant, render it voidable but not. void; and that if the semblance of benefit be regarded as a criterion, the more rational and consistent rule would be that the act should not be deemed void unless it. was one of those which, as a general principle, it would be better for the infant that they should be deemed void than voidable. As to what contracts of infants are void and what voidable, see 4 Day R., 59; 6 Conn. R., 494; 1 Hayw. R., 143 ; 3 Gill & Johns. R., 314; 1 J. J. Marsh, R., 236; 5 Yerg. R., 41; 14 Mass. R., 462; 13 Id., 239; 7 Cow. R., 22; 9 Id., 126; 17 Wend. R., 119.
It is very clear, (hen, that this deed, having been delivered as deeds usually are delivered by adults, and having also a sembleuce of benefit on the face of it to the infant, must be.
regarded as not void, but only voidable ; and the question then arises whether id can be avoided, by guardian or by themselves, before their attaining full age.
*46 Upon principle it would seem that if an act of an infant bo only voidable anil bo binding upon the other party until it is avoided, that the act of disaf-firmance must be by the infant himself on attaining- mature ago. That it can be avoided at all is owing to the want of legal discretion in the infant at the time of its execution ; and this continues during his nonage, and renders his affirmance or disaffirmance before majority of no avail.
In Oliver & Clapp v. Howdlet, (13 Mass. R., 237.) it. was said by the court that they knew of no position of law which gave the guardian of the minor authority to disaffirm purchases made by the minors; that the sales had the semblance of benefit to the vendees, ami that the authority of guardians ex-, tending only to such things as may be for the benefit and advantage of their wards, they could not avoid contracts from which they derive benefit, for this, being injurious to the infant, would be a violation of the guardian’s duty.
Tiie question under consideration has been discussed and elaborately investigated iu the courts of New York.
In Roof v. Stafford, (7 Cowen, 179,) which was an action of trover brought for the recovery of ahorse sold by a minor, the plaintiff suing by guardian, the Supreme Court held that the contract was not voidable üinii the infant came of age. An extensive review was taken of the authorities in relation to the time at which an infant can avoid a conveyance of his lands. In Zouch v. Parsons (3 Burr. 1794,) it was saitl that an infant could not avoid such conveyance until arriving at twenty-one years of age. This is said to follow, because, if it were otherwise, he might also bring a writ analogous to a dum fit it infra cetatem, and so conclude his right upon the record. ' Ollier books give the same reason, and say the matter should remain open until lie comes of age and is legally capable of thinking over what lie has done. (4 Cruise’s Dig., 17 Deeds, §12.)' These and other books advance the doctrine in qualified terms, (Co. Lit., 302 ; 8 Taunt., 40, 41, 42; Com. Dig., Enfant, (C. 4,) stating that the infant may avoid when ho comes of age.
The judgment of the Supreme Court was reversed in the court of errors. (9 Cowen 628.) In the opinion given by the chancellor it is said, “the general rule is that an infant cannot avoid his contract executed by himself, and which is therefore voidable only while lie is within age. He lacks legal discretion to do the act of avoidance. But this rule must be taken with the distinction that it shall not work unavoidable prejudice to the infant, or the object of his privilege would not be answered. When applied to a sale of his property it must be to his land, a case in which, he may enter and receive the* profits until the power of finally avoiding shall arrive.” The true rule was said to be. that where the infant can enter and hold the subject of the sale till his legal age, he shall be incapable of avoiding till that time; but where the possession is changed, and there arc no legal means to hold and regain it in the meantime, the infant, or his guardian for him, has the right to exercise the power of rescission immediately; that the common law gave no action or other means by which the mere possession of persona] property could be reclaimed and held subject to the right of avoidance,.
The sum of the doctrines held by both courts in this case in relation to conveyances of lands by a minor is, that they cannot be avoided until after the minor arrives at full age, though he may enter and take the profits in the meantime, but that the sale and delivery of chattels by a minor may be avoided while under age.
The whole subject in relation to the character of the acts of infants, and the. time and maimer in which they may he avoided, was thoroughly canvassed in the case of Bool v. Mix, 17 Wendell, 119, and it was said that the general rules vary; that the act in pais of an infant may be avoided by some other act of equal solemnity and notoriety. It may also be avoided by a writ of dum fait infra cetatem; but that it cannot be avoided until the infant becomes of age, though lie may enter and take the profits; that some of the old books say that an infant may avoid his deed by entry before lie becomes of age, but such is not the doctrine of the present day. He may enter and take the prof *47 its until lie has the legal capacity to affirm or disaffirm the deed, but the deed is not rendered void by the entry; it may still be confirmed after he arrives at full age.
Note 19. — Kilgore v. Jordan, 17 T., 311, Smart u. Baker, 17 T., 417.
Ho case has boon cited in which an infant has, by himself or guardian, attempted, while within age, to recover lauds passed front him by an executed conveyance, and it is probable that none such can be shown; otherwise it would, doubtless, have been cited in support of the. plaiutiffs. It is very doubtful whether in cases of this character a formal demand, even if the infant had attained majority, should not have been made for possession before tiie bringing of suit. The deed of the inf mt was only voidable, and until avoided the defendant is not a trespasser. His possession is rightful, and it would seem that lie should have some notice of tiie intention to disaffirm the contract. But this point is left open.
Another ground which might have been taken in support of demurrer is this, that there was no oiler on tiie part of the plaintiffs to restore the purchase-money which (hey liad received from the defendant Powell on the sale. This is tiie rule under tiie laws of Spain, (aide Febrero, vol. 5, p. 379) and it has received Hie sanction of the courts of some of tiie States, eminent for their wisdom and authority. It is characterized by honesty, and enforces rectitude of conduct in transactions between individuáis, and, as a general rule, it will he recognized and enforced by this court. See Reeve’s Dom. Rela., 243-249 ; 15 Mass. R., 359; 1 N. H. R., 73-75; 5 Sergt. & Rawle’s R., 309, 313; 7 Cow. R., 183.
IVe are of opinion that there is no error in the judgment, and it is ordered that the same be affirmed.
Judgment affirmed.