## E. J. WILLIAMS, GUARDIAN, v. LOUIS SAPIEHA.

No. 985. Decided March 11, 1901.

**1. Insanity—Power of Attorney.**

A power of attorney by one of unsound mind, and the conveyance of land by authority of such power, are not void, but merely voidable. (Pp. 433-436.)

**2. Same—Avoiding Conveyance—Return of Consideration.**

A lunatic in an action to set aside his voidable conveyance is not required to return the consideration received therefor in the absence of proof that he still had it in his possession or had spent it for necessaries. (P. 436.)

**3. Lunatic—Suit Against Nonresident—Costs.**

In a suit by one insane, through his guardian, against a nonresident cited by publication, the fees of the attorney appointed to represent defendant, who has prevailed in the suit, may be taxed against plaintiff. (P. 436.)

QUESTIONS CERTIFIED by the Court of Civil Appeals for the First District, in an appeal from Fort Bend County.

*Slyfield & Davidson.* for appellant.—When the Court of Civil Appeals reversed the finding of the trial judge as to Mason's mental incapacity, and found that his mental incapacity was established, then the court erred in not canceling the power of attorney and deed made under it, because an idiot or insane person or a minor can not make a power of attorney. That a power of attorney of an idiot, insane person, or a minor is absolutely void, is a question that all courts of all civilized nations of the world are agreed upon. Bullock v. Sprowls, 54 S. W. Rep., 657-661; Dexter v. Hall, 15 Wall., 9; Bish. on Con., 978; Jones v. Galbraith, 59 S. W. Rep., 350.

The court erred in this, that they never treated the case as if Sapieha acted direct with the idiot, whereas he acted with the pretended agent, and it became his duty to inquire as to the condition and capacity of the party giving the power of attorney and a proper inquiry would

have revealed Mason's insanity. Land Co. v. McCormick, 85 Texas, 416; Rogers v. Walker, 6 Pa. St., 371; Wheelock v. Cavitt, 45 S. W. Rep., 796; 1 Pars. on Con., first p. 436, side p. 388; Bish. on Con., sec. 976; Clark on Con., 721; Jones v. Galbraith, 59 S. W. Rep., 350.

Idiots and minors have the same legal status, and having proved the insanity, the burden of proof shifts to the defendant, and it devolves on him, in order to sustain the transaction, to show that he had no notice—no facts existed to put him on inquiry; that a fair price was paid; that the transaction was open and fair; that the idiot or minor, received the consideration and still has it, or that it was expended for their interest or for the benefit of their estate; but neither an idiot nor minor has to return money, and place the party in statu quo, when they have not received, and it has not been expended on the benefit of their estate, nor do they have to return it when they have received the money and improvidently squandered it. Vogelsang v. Null, 3 S. W. Rep., 451; Stringfellow v. Early, 40 S. W. Rep., 871-874; Railway v. Brazzil, 78 Texas, 314; Weis v. Ahrenbeck, 24 S. W. Rep., 356; Elston v. Jasper, 45 Texas, 409; Searcy v. Hunter, 81 Texas, 644; Lincoln v. Buckmaster, 32 Vt., 652; Refining Co. v. McMahon, 38 N. J. L., 536; Love v. Gibson, 13 M. & W., 626; 2 Pom. Eq., 2 ed., sec. 947, and authorities under note 1; Bish. on Con., secs. 955-978; Laws. on Ev., 2 ed., p. 226.

*Pearson & Wharton,* for appellee.—We submit that in the absence of an offer to rescind the purchase money, or otherwise place the purchaser in statu quo, appellant can not avoid the conveyance. Pearson v. Cox, 71 Texas, 250; Corbit v. Smith, 71 Am. Dec., 434; Beals v. See, 49 Am. Dec., 573; Clark on Con., 270; Rhoades v. Fuller, 40 S. W. Rep., 762; Blount v. Spratt, 20 S. W. Rep., 967; Bank v. Moore, 78 Pa. St., 407; 2 Pom. Eq. Jur., 13 ed., p. 242; Gribben v. Maxwell, 34 Kan., 8; Elston v. Jasper, 45 Texas, 413. These authorities announce the general rule, and the facts certified bring the case within the general rule, and do not show any reason why this case should be an exception, as was Bullock v. Sprowls, 54 Southwestern Reporter, 657.

The third question is whether it is lawful to tax a fee for an attorney appointed to represent a nonresident cited by publication, and not appearing, either in person or by attorney, in answer to such citation. In answer to this question we refer to the statute, articles 1211 and 1346. Reed v. Gillespie, 64 Texas, 42.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the First District has certified to this court the following statement and questions:

"In the cause now pending before this court on motion for rehearing, we respectfully certify for your decision the questions hereinafter set out. The facts are as follows:

"T. D. Mason, by his guardian, brought this suit to remove cloud from his title to certain lands, alleging title in himself. The instru-

ments which are alleged to constitute the cloud are power of attorney purporting to have been executed by T. D. Mason to one J. W. Tolson and a deed from Tolson to appellee, Sapieha, conveying the land in question. Mason seeks to have both annulled on the ground that he was an imbecile at the date of their execution.

"Mason acquired the land through the will of his deceased grandfather, the tract being devised to him and his brother, D. O. Mason, as tenants in common. On the 6th day of July, 1878, T. D. Mason executed and delivered to J. W. Tolson a power of attorney whereby Tolson was authorized as his attorney in fact to sell his interest in the land and to make a deed to the purchaser. This instrument was duly signed and acknowledged by him and was promptly placed of record in the county where the land was situated.

"On the 19th day of March, 1879, Tolson as such attorney in fact executed and delivered to the appellee, Sapieha, a deed conveying the entire tract of land, D. O. Mason, the brother of T. D. Mason, joining in such deed and thereby conveying his interest also.

"Appellee paid a fair and adequate price for the land, the deed reciting the amount and its payment, and the transaction was in all respects fair and open.

"At the date of the execution of the power of attorney, T. D. Mason was about 35 years old, and the undisputed evidence shows that he was at that time, had been from his birth, and was at the date of the trial, an imbecile, without mental capacity to manage his affairs, and that on that account he was without mental capacity to contract at the dates of the two instruments above named.

"Sapieha had no knowledge or notice of Mason's mental condition and dealt with Tolson without knowledge of any fact which should have led him to inquire as to the mental condition of T. D. Mason. T. D. Mason had never been under guardianship at the date of these transactions and had never been judicially declared of unsound mind. A guardian was first appointed for him in 1891. In the absence of opposing testimony, we find, as did the trial court, that T. D. Mason received the consideration paid by Sapieha for his interest in the land. Wade v. Love, 69 Texas, 524. Notwithstanding the pleadings of appellant set up the power of attorney and deed which he assails, no offer is made to return the consideration, nor was it shown that the appellee could be placed in statu quo.

"The questions propounded are:

"First. Is the power of attorney from T. D. Mason to Tolson void as against the appellee, the principal being non compos mentis at the date of its execution?

"Second. If only voidable, will appellant be permitted to rescind the power of attorney and deed made in pursuance thereof, in the absence of an offer to return the purchase price or otherwise place the purchaser in statu quo?

"In disposing of this appeal, this court, in view of expressions in

Cummings v. Powell, 8 Texas, 81; Askey v. Williams, 74 Texas, 294, and other Texas cases, treated the deed to Sapieha as if it had been made by Mason in person, and held the power of attorney, as well as the deed, voidable only. The question seems not to have been directly decided in this State and we therefore certify the above questions. Your attention is called to valuable notes in English Ruling Cases, volume 16, page 735, and volume 6, page 54, and American State Reports, page 629.

"Sapieha being a nonresident of the United States was cited by publication, and not appearing either in person or by attorney, the trial court appointed an attorney to represent the nonresident. Judgment being rendered in Sapieha's favor, a fee was allowed him for his services, which was taxed as costs against the plaintiff.

"Question: Was it lawful to tax such fee against the plaintiff in a suit of this character?"

To the first question we answer, the power of attorney mentioned in this question was voidable but not void. Elston v. Jasper, 45 Texas, 409; Askey v. Williams, 74 Texas, 294; Ferguson v. Railway, 73 Texas, 344; Cummings v. Powell, 8 Texas, 81. The deed of an insane person is not void, but, like that of an infant, is voidable at the election of the party. Irvine v. Irvine, 9 Wall., 626. We believe that this doctrine is not now seriously controverted in the courts of this country. We can see no difference in principle between the act of making a deed which passes the title and making an instrument which authorizes another person to do the same thing. In this State, the powers of persons over real and personal property are so nearly the same that no distinction can be said to exist in the capacity required for making a sale and transfer of the one or the other. The law provides different methods of executing the will of the party, but places no greater restriction upon the power to sell the one than the other. It has been held upon sound reasoning that a lunatic or an infant may make a power of attorney by which simple contracts might be entered into for them, such as the signing of notes, or the indorsement and transfer of commercial paper. Whitney v. Dutch, 14 Mass., 457, 7 Am. Dec., 229; Hastings v. Dollarhide, 24 Cal., 195; Hardy v. Waters, 38 Me., 450.

In the case of Whitney v. Dutch, cited above, a partnership was formed between an adult and a minor, and in the course of business the adult partner executed a note in the firm name. When the minor became of age he ratified the note, but when suit was brought upon it he pleaded his infancy and claimed that the note was void and not subject to ratification. The Supreme Court of Massachusetts held that the note was voidable, and that it, having been ratified by the minor after reaching his majority, was a valid claim against him. That court said: "Then, upon principle, what difference can there be between the ratification of a contract made by the infant himself and one made by another acting under a parol authority from him? And why may not

the ratification apply to the authority as well as to the contract made under it? It may be said that minors may be exposed if they may delegate power over their property or credit to another. But they will be as much exposed by the power to make such contracts themselves, and more, for the person delegated will generally have more experience in business than the minor. And it is a sufficient security against the danger from both these sources that infants can not be prejudiced, for the contracts are in neither case binding; unless, when arrived at legal competency, they voluntarily and deliberately give effect to the contract so made. And in such case, justice requires that they should be compelled to perform them." In the cases of Hardy v. Waters and Hastings v. Dollarhide, before cited, the issue was upon the validity of the transfer of a promissory note made by the agent of the payee, who was a minor, and it was claimed that the transfer was void because the minor could not confer power upon another to transact such business for him. In each of the cases, however, the court held the transfer good when ratified by the minor after arriving at majority. In other words, the court held the power of attorney to be voidable, and the act being ratified, became valid just as if it had been done by the infant himself.

The Supreme Court of this State in the case of Cummings v. Powell intimated very strongly the opinion that a power of attorney executed by an infant or a lunatic authorizing the sale and conveyance of real estate was merely voidable, but the question was not involved and the opinion is not authority. In the case of Ferguson v. Railway Company, the court did in fact decide that the power of attorney given by an infant was voidable only; the question was in the case, a proper subject for its decision, but in the close of the opinion, the court placed the decision upon another question.

In Askey v. Williams, the defendant, a minor, employed an attorney to defend him against a criminal charge, and to secure the fee gave a note with a deed of trust upon land containing a power of sale. The debt being unpaid, the trustee sold the land to pay the note, and in suit for the land, the validity of the sale was in issue. It was held that the deed of trust which contained the power of sale was voidable; that the sale made by the trustee under the power was subject to be avoided by the minor just as if the deed had been executed by the minor in person. We regard this case as directly in point and as deciding the very question presented. It is true that in the course of the opinion Judge Gaines remarked that powers given by a minor, when coupled with an interest, were held to be voidable, but the opinion is not placed upon that ground. The following language of the court shows that the power was sustained as if it had been a deed, placing them upon the same basis: "If the infant had conveyed the land absolutely as a fee, his deed would not have been void, but he could have avoided it within a reasonable time after coming of full age upon the payment of a just

compensation for the services rendered by his grantee. We think the same rule should apply in this case."

The contention of the appellant that the power of attorney and the deed made under it which are involved in this controversy are absolutely void because the maker of the power of attorney was at the time a lunatic is supported by the greater number of adjudicated cases. It is the doctrine of the English courts and has been followed in the Supreme Court of the United States and by the Supreme Courts of a number of the States without questioning the soundness upon which it is based or its consistency with the system of laws under which property rights are held in this country. Of the cases which sustain this rule, we cite the following: Dexter v. Hall, 15 Wall., 9; Philpot v. Bingham, 55 Ala., 435; Armitage v. Widoe, 36 Mich., 124; Fetrow v. Wiseman, 40 Ind., 148; Lawrence v. McArter, 10 Ohio, 38; Fonda v. Van Horne, 15 Wend., 631; Pyle v. Cravens, 4 Litt. (Ky.), 17.

In Dexter v. Hall, cited above, the Supreme Court of the United States reviews at length the English cases and criticises the doctrine that the contracts of infants and lunatics are voidable only, finally basing its judgment upon the proposition that contracts made by infants and lunatics and not delivered by the hand of the maker are void. We quote the following to show the basis of that opinion: "The doctrine that a lunatic's power of attorney is void finds confirmation in the analogy there is between the situation and acts of infants and lunatics. Both classes of persons are regarded as under the protection of the law. * * * Yet it is universally held, as laid down by Lord Mansfield in Zouch v. Parsons, that deeds of an infant which do not take effect by delivery of his hand (in which class he places a letter of attorney) are void. We are not aware that any different rule exists in England or in this country." In the same court, the same judge, Justice Strong, delivered an opinion in the case of Irvine v. Irvine, 9 Wallace, 617, which involved the validity of a sale made under power contained in a mortgage, in which case that court held that the sale was voidable, saying: "Whatever may have been the doubts once entertained, it has long been settled that the deed of an infant, being an executed contract, is only voidable at his election; that it is not void. It operates to transmit the title." The ablest judges who have dealt with this question have not undertaken to sustain by reason the rule adopted by the Supreme Court of the United States. In the case of Armitage v. Widoe, before cited, Judge Cooley said: "On the authorities, no rule is clearer than that an infant can not empower an agent or attorney to act for him." And that able judge contented himself with a citation of authorities in support of a rule for which he could assign no sound reason. In Philpot v. Bingham, before cited, Judge Stone, of the Supreme Court of Alabama, said of this question: "From such an array of authorities, sanctioned as the principle has been by this court, we do not feel at liberty to depart; although the argument in favor of the exception is rather specious than solid. We

therefore hold that the power of attorney under which the plaintiff's land was sold, made as it appears to have been while he was an infant, was and is what the law denominates void." In the case of Fetrow v. Wiseman, above cited, the Supreme Court of Indiana, after having stated the proposition, said: "The proposition may not be founded in solid reason, but is so held by all the authorities." These are fair samples of the cases which uphold the doctrine that the power of attorney of an infant or a lunatic is absolutely void. The fundamental principle of the cases in which the doctrine originated is wholly absent from and at variance with our system of laws, and we feel that the strong reasoning of Judge Hemphill in Cummings v. Powell and the qualified decision in Ferguson v. Railway Company, supported by the later case of Askey v. Williams, furnish a safer guide by which to regulate the property rights of the people of this country, and are more in harmony with our system of laws; we therefore follow them in preference to the arbitrary rule asserted in the greater number of decisions upon that question.

We answer the second question, that the facts stated in connection with the certificate do not show that the lunatic still had in his possession any of the money paid for the land or any property acquired with it, nor that it had been expended for him or by him in the purchase of necessaries. In the absence of such proof, he would not be required to return the consideration received. Bullock v. Sprowls, 93 Texas, 188.

To the third question, we answer that the court had the authority, under the statute, to allow a reasonable attorney's fee for the defendant in this case and to tax it as costs of the suit. Rev. Stats., arts. 1212, 1346.