## HANCOCK v. HAILE. (No. 8018.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 14, 1914. Rehearing Denied Nov. 21, 1914.)

1. INSANE PERSONS (§ 79*)—CONTRACTS—RECOVERY OF PROPERTY—CONVERSION.

Where plaintiff, while insane, conveyed personal property to defendant in consideration of care, etc., and, after having been restored to capacity, alleged that defendant, as soon as the contract was delivered, appropriated the property, and that the necessaries furnished by defendant were much less in value than the property, plaintiff was entitled to recover the difference, though defendant's appropriation did not amount to a technical conversion.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 138, 141; Dec. Dig. § 79.*]

2. INSANE PERSONS (§ 73*) — CONTRACTS — VOIDABLENESS.

A contract by an insane person transferring all his personal property to defendant in consideration of care, etc., was voidable only.

[Ed. Note.—For other. cases, see Insane Persons, Cent. Dig. §§ 125, 132–138, 153; Dec. Dig. § 73.*]

3. INSANE PERSONS (§ 75*)—CONTRACTS—NECESSARIES—EXTENT OF LIABILITY.

The extent of an insane person's liability for necessaries is their reasonable value, regardless of the price he agreed to pay.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 89, 128, 129; Dec. Dig. § 75.*]

4. INSANE PERSONS (§ 79*) — LIABILITY FOR NECESSARIES—REASONABLE VALUE.

Where plaintiff, while insane, transferred his personal property to defendant in consideration of the latter's agreement to care for him, and the property transferred was worth much more than the necessaries furnished, plaintiff was not required to prove an actual tender of the value of the necessaries in order to recover the difference between their value and that of the property.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 138, 141; Dec. Dig. § 79.*]

5. JUDGMENT (§ 256*)—FORM—VERDICT.

A judgment must follow the verdict, though there be good grounds to set the verdict aside on a motion for new trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

6. TROVER AND CONVERSION (§ 53*)—DAMAGES—INTEREST.

Where plaintiff was entitled to recover the value of certain animals as damages for defendant's wrongful appropriation thereof, he was entitled also to interest, as a part of such damages, from the date of the conversion.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 254; Dec. Dig. § 53.*]

7. INTEREST (§ 66*)—PLEADING.

Plaintiff, in a suit for conversion, in his original petition prayed for general relief, but limited his claim for interest to the time beginning January 8, 1900, and ending December 1, 1913. Defendant's answer, however, alleged that the property was delivered to him under contract March 21, 1898, and asserted title

thereto by virtue of the contract, whereupon plaintiff replied by supplemental petition, alleging that, after the execution of the contract, defendant took possession of the property and converted it to his own use. *Held*, that the pleadings justified an award of interest from March 21, 1898, and that plaintiff was not limited to interest from January 8, 1900.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 147; Dec. Dig. § 66.*]

8. TROVER AND CONVERSION (§ 46*) — VALUE OF PROPERTY.

Where, in trover for certain horses, the jury found that the conversion took place March 21, 1898, at which time the horses were worth $10 a head, plaintiff was not entitled to recover at the rate of $15 a head, because of proof that they were worth that amount in January, 1900.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 263; Dec. Dig. § 46.*]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by E. L. Haile against J. B. Hancock. Judgment for plaintiff, and defendant appeals. Affirmed.

Marshall Ferguson and Keith & Johnson, all of Stephenville, for appellant. Chandler & Pannill, of Stephenville, for appellee.

DUNKLIN, J. E. L. Haile was plaintiff in the trial court, and, from a judgment in his favor against J. B. Hancock, the defendant Hancock has appealed.

In his petition plaintiff alleged that in January, 1900, he was convicted of lunacy, and thereafter confined in the insane asylum at Terrell until March, 1910, when his reason was restored and he was duly discharged from said asylum; that, immediately after his conviction for lunacy, the defendant unlawfully took possession of all of plaintiff's property, consisting of a stock of horses and mules, farming implements, etc., of the value of $6,572, and converted the same to his own use. He prayed for judgment for the value of said property so converted, together with 6 per cent. interest thereon from the alleged date of conversion. He also prayed for general relief.

In reply to that petition the defendant denied the alleged wrongful conversion of the property, and further alleged that he purchased the property from the plaintiff on March 21, 1898, under a written contract signed by both parties, by the terms of which all of the property mentioned in plaintiff's petition was transferred to the defendant in consideration of the defendant's obligation to "care for and provide good food and clothing and a home and take care of said E. L. Haile as long as the said Haile shall live, unless the said Haile shall become dangerous and confinement shall become necessary," and further to pay to said Haile the sum of $300 additional if said Haile should be restored to sanity at the end of three years from the date of the contract. The defendant alleged that plaintiff was of sound mind at the time said contract was executed;

that the same was executed at plaintiff's suggestion; that plaintiff was moved to enter into said contract by reason of the fact that he had theretofore suffered from several attacks of epileptic fits and had been advised by competent physicians that epilepsy was incurable, that he would gradually grow worse, and that he would likely eventually go mad, and that it was advisable and important for him to adjust his business and to make adequate preparation for such consequences. The defendant further alleged that the plaintiff did not recover from said disease within three years, and that the defendant fully performed the obligations under said contract by furnishing board and lodging, clothing, medicine, physicians' bills, etc., from the date of the execution of the contract up to January, 1900, an itemized account of which was specifically pleaded by the defendant, and all of which expenditures the defendant alleged were necessary for the maintenance, care, and support of the plaintiff. Defendant further alleged that all the property conveyed to him did not exceed in value the sum of $750, while the amount claimed for necessaries furnished to the plaintiff was alleged to be a sum far in excess of the value of the property received by him.

By supplemental petition plaintiff alleged that, at the time the contract was executed, he was of unsound mind, suffering from epilepsy, and unable to know and comprehend the legal effect of said contract, which was therefore void, and that such unsoundness of mind continued from March 21, 1898, the date of the contract, to January 5, 1900, at which time he was committed to the insane asylum and there confined until March, 1910; that after the execution of the contract defendant took possession of plaintiff's property and converted the same to his own use and benefit. Plaintiff further alleged, in effect, that he was willing for the reasonable value of all such necessaries as were furnished to him by the defendant to be deducted from the amount which the defendant justly owed him for the property converted, but further alleged that the amounts claimed by the defendant for the same were unreasonable and far less than the value of the property converted.

The trial of the case was before a jury, who returned findings upon special issues submitted by the court. As shown by the verdict, the jury found that on March 21, 1898, the date of the execution of the contract, plaintiff was of unsound mind, and that he did not at that time have the capacity to know and understand the legal effect of the contract; that such unsoundness of mind extended up to January 5, 1900; that on January 5, 1900, it became necessary, on account of plaintiff's insanity, to place him in confinement, and that he did not recover his sanity until March, 1910, about 16 or 17

months prior to the institution of this suit; that from March 21, 1898, to January 5, 1900, a period of 21 months and 15 days, the defendant provided food and clothing and a home for plaintiff, all of which was necessary for plaintiff's welfare; and that his services for so doing were reasonably worth $32 per month (aggregating $688); and that defendant also expended the additional sum of $256 for the purchase of clothing, medicine, for doctors' bills, railroad fare, and other items claimed in the defendant's answer, all of which additional expenditures were likewise necessary. The jury further found that the defendant Hancock did not exercise any undue influence over plaintiff to induce him to execute the contract pleaded by the defendant, and which was introduced in evidence. The jury further found that the defendant received from the plaintiff under said contract 125 head of horses on March 21, 1898, which were then worth $10 per head (aggregating $1,250), and that said horses were worth $15 per head in January, 1900 (aggregating $1,875); that defendant also received from plaintiff under the contract certain farming implements and other items of personal property of the value of $7.50. The jury further found that the horses received by the defendant from plaintiff under the contract were converted to defendant's own use and benefit in March, 1898.

By different assignments of error appellant insists, substantially, that as the contract in question was executed by the plaintiff without any undue influence exercised upon him by the defendant, and without any knowledge on the part of the defendant of the insanity of plaintiff at the time, and that as the consideration passing from the defendant to the plaintiff for said contract was for necessaries, the same was binding upon the plaintiff until he elected to rescind it and tender back the consideration received by him; that the contract was not void, but voidable only; that plaintiff's suit was for damages for a wrongful conversion of the property based upon the claim that the contract was absolutely void; that the contract being voidable only, and not void, and as plaintiff did not elect to rescind the same and restore to the defendant the consideration received by him and did not elect to affirm the contract and sue for damages for its breach, the facts found by the jury would not support a recovery for any amount.

[1] We do not think that the designation by plaintiff of the wrongful acts of the defendant as amounting technically to a conversion of the property would, in any event, be of controlling effect. Besides, according to the allegations of plaintiff's pleadings and and also those contained in the defendant's answer, the defendant did appropriate plaintiff's property to his own use and benefit, under a claim of title thereto, as soon as the contract in controversy was executed and delivered. If, as alleged by the plaintiff,

he was of unsound mind at the time the contract was executed, and if the value of the property conveyed to the defendant exceeded the reasonable value of necessaries furnished to him by the defendant, then a cause of action to recover was alleged, independent of the question whether or not the appropriation of the property by the defendant could be technically termed a conversion thereof. Furthermore, in his pleadings plaintiff prayed for general relief upon all the facts alleged. Lewis v. Blount, 139 S. W. 7.

[2] It is well settled by the authorities that the contract was not void, but was voidable only. Williams v. Sapieha, 94 Tex. 430, 61 S. W. 115; Mitchell v. Inman, 156 S. W. 290.

[3] It is also well settled that, while an insane person or a minor is bound by his contract for necessaries furnished him, the extent of his obligation thereunder is to pay the reasonable value of such necessaries, irrespective of the price which he has agreed to pay. Askey v. Williams, 74 Tex. 294, 11 S. W. 1101, 5 L. R. A. 176; Smith v. Crohn, 37 S. W. 469; 1 Elliott on Contracts, § 295.

[4] Plaintiff having offered in his pleadings to allow as a credit upon his demand the reasonable value of the necessaries furnished him by the defendant, which plaintiff alleged was far less than the value of the property belonging to him and converted by the defendant, it was unnecessary to allege or prove an actual tender of money in a sum equal to the value of such necessaries. G., H. & S. A. Ry. Co. v. Cade, 93 S. W. 124; I. & G. N. Ry. Co. v. Shuford, 36 Tex. Civ. App. 251, 81 S. W. 1189; Oriental v. Barclay, 16 Tex. Civ. App. 193, 41 S. W. 117.

By another assignment appellant insists that the court erred in rendering judgment for plaintiff because the finding of the jury that defendant converted the property to his own use is unsupported by any evidence to show such a conversion.

[5] It would be a sufficient answer to this assignment to say that the judgment must always follow the verdict, even though there be good grounds to set aside the verdict upon a motion for a new trial. Fant v. Sullivan, 152 S. W. 515, and cases therein cited. However, aside from that rule, we are of the opinion that the verdict imports a finding in accordance with the undisputed evidence and the pleadings by the defendant himself that he did appropriate plaintiff's horses to his own use on March 21, 1898. If the purpose of this suit had been to recover title and possession of the horses, and if such relief was granted, then perhaps there could be no recovery of interest eo nomine, upon the value of the horses during the time plaintiff was deprived of their possession.

[6] But if, under the pleadings, evidence, and the verdict of the jury, plaintiff was entitled to recover the value of the animals as damages for the wrongful appropriation of

them by the defendant, then we can perceive no valid reason why interest should not be allowed as a part of such damages from the date of such wrongful appropriation. Barron v. San Angelo Nat. Bank, 138 S. W. 142. We do not construe Lewis v. Blount, 139 S. W. 10, cited by appellant, to support his contention that no interest could have been allowed until demand of the defendant for restoration of the property or to pay the value thereof, as contrary to our conclusion last stated.

[7] Appellant insists further that it was error to allow plaintiff interest for a period of 15 years, as he insists was done by the court in rendering judgment upon the verdict. One of the reasons assigned for this contention is that plaintiff limited his claim for interest to the period of time beginning January 8, 1900, and ending on the date of the judgment, December 1, 1913. While it was alleged in the original petition that the defendant converted the property on January 8, 1900, yet the defendant in his answer alleged that the property was delivered to him under the contract on March 21, 1898, and that he asserted title thereto under and by virtue of that contract. In reply to this answer, plaintiff filed a supplemental petition alleging that, after the execution of the contract, defendant took possession of the property and converted the same to his own use and benefit. Further in this petition, as in his original petition, plaintiff prayed for general relief. Such being the pleadings, plaintiff was entitled to recover interest from March 21, 1898, instead of from January 8, 1900.

[8] By cross-assignments appellee insists that judgment should have been rendered in his favor for a sum in excess of the amount of his recovery. By his first assignment the contention is made that the judgment should have been for the sum of $2,207. This contention is based upon the finding of the jury that the horses were worth $15 per head in January, 1900, and that interest should be allowed on that sum, and the further contention that in defendant's answer he limited his claim for board and care of appellee to 15 months instead of 21 months and 15 days, as found by the jury. This assignment is overruled, first, because of the finding by the jury that the conversion took place March 21, 1898, at which time the value of the horses was $10 per head. Furthermore, in defendant's account for necessaries furnished, filed as a part of his answer, we find two items, one for personal care and board of the plaintiff for 15 months, and one for money advanced to plaintiff's brother, C. G. Haile, for board and clothing of the plaintiff, which the evidence sustains. Evidently the finding of the jury that the defendant provided food, clothing, and a home for the plaintiff from March 21, 1898, to January 5, 1900, a period of 21 months and 15 days, and that the same

was reasonably worth $32 per month, was intended to cover the amount advanced by the defendant to plaintiff's brother for such necessaries, as well as the services of the defendant himself in furnishing such necessaries. From this latter conclusion, it follows further that there is no merit in appellee's second cross-assignment, in which the contention was made that the judgment should have been for $1,011.31, as that contention is based upon the proposition that defendant should not be allowed for board and care of the plaintiff for a longer period of time than 15 months.

All assignments of error are overruled, and the judgment is affirmed.