L. T. FERGUSON v. HOUSTON EAST & WEST TEXAS RAILWAY COMPANY.

No. 2397.

**Infancy.**—A minor when in his twentieth year executed a power of attorney to sell land. When within a few months of his majority, accustomed to do business for himself as a man, he urged the execution of the power, in pursuance of which a sale was made and the minor approved the sale. Two years after the sale was made he sued to recover the land without offering to refund the purchase money. *Held:* Whether the power of attorney be held void or voidable the plaintiff was not entitled to recover. If voidable the suit should have been brought to avoid the sale within a reasonable time, and a return of the purchase money tendered.

APPEAL from Hardin. Tried below before Hon. Edwin Hobby.

Appellant L. T. Ferguson and his coplaintiff A. H. Ferguson instituted, on the fifth day of June, 1884, an action of trespass to try title to the tract of land described in their petition against appellee, and to cancel, as a cloud upon their title, a certain instrument designated a power of attorney, a copy of which was made a part of their petition, under which appellee claimed the land, alleging that at the time of the execution of the power of attorney they were infants, and that neither of them had ever received any consideration for their interest in the land.

Appellee pleaded not guilty, and specially that appellant and his coplaintiff had both received the consideration paid by appellee's vendor, Paul Bremond, and had ratified the said sale made to him. The cause was tried at the April Term, 1887, by the District Court of Hardin County without the intervention of a jury, and judgment was rendered in favor of the plaintiff, A. H. Ferguson, for the relief prayed for, and against appellant. From this judgment appellant, L. T. Ferguson, appealed, and assigned the following as errors committed by the District Court on the trial of said cause:

"The court erred in holding the power of attorney made an exhibit to plaintiff's second amended original petition and introduced in evidence voidable instead of void, the power of attorney having been executed by plaintiff while an infant."

The power of attorney was executed by L. T. Ferguson and A. H. Ferguson to their older brothers, E. A. Ferguson and Wm. F. Ferguson, and granted the following power: "To take possession of any and all business that we may have in the counties of Tyler and Hardin, to make transfer to any and all lands that we have in said counties and to sue all parties not legally claiming lands, to make any compromise that they may think necessary for our benefit, to sign any and all papers thereto," etc. The power of attorney was dated September 4, 1880.

The second assignment of error was as follows: "The court erred in holding under the evidence that plaintiff, L. T. Ferguson, had ratified

the acts of the persons named in said power of attorney as his agents in making the sale of the land to Paul Bremond, and that said plaintiff had received the consideration paid W. F. and E. A. Ferguson by said Bremond."

The third assignment of error was as follows: "The court erred in rendering the judgment against plaintiff, L. T. Ferguson, under all the facts in the case."

No conclusions of law or fact were filed. It was proved that L. T. Ferguson and A. H. Ferguson each owned an undivided one-sixth interest in the 1714 acres of land described in their petition at the time they executed the power of attorney to their brothers; that W. F. and E. A. Ferguson conveyed the land by warranty deed to appellee's vendor in September, 1881; that L. T. Ferguson was born June 4, 1861, and that A. H. Ferguson was born in December, 1862.

Appellant testified that he had never received anything of value for his interest in the land; that he had never recognized the conveyance of the land by his brother as binding on him; that he had never in any manner ratified the sale and conveyance of the land; that he never had or claimed any interest in the boat testified about by W. F. Ferguson; that he went on a steamboat at the request of W. F. Ferguson, as clerk or manager for him; that he had no special understanding with his brother when he went on the boat as to what he was to get for his services; that he stayed on the boat about eight or nine months and drew out of its earnings $510; that when he quit the boat he wanted $250 more for his services, but W. F. Ferguson refused to pay him but $140; that the money was received as compensation for his services, but not for his interest in the land; that he never encouraged his brother to sell the land; that he knew nothing of the sale until long after it was made; that when he attained his majority in 1882 he spoke to Mr. Seale, an attorney, to bring this suit, and he promised to do so, but neglected it.

W. F. Ferguson testified that he received in drafts and notes about $3800 for the land when he and his brother sold it under the power of attorney; that plaintiffs in this suit were entitled to about $525 each after expenses for selling and disposing of the notes were deducted; that appellant received his share in full, but A. H. Ferguson never received any part of his share; that he left L. T. Ferguson in charge of a steamboat they were running, and when he bought L. T. Ferguson's interest in the boat the books showed that L. T. had appropriated between $750 and $800 to his individual use. That L. T. Ferguson was apparently a grown man and managed his own affairs, and encouraged and approved of the sale of the land; that L. T. never showed any disposition to disapprove of the sale until about two years after he became of age; that he thinks appellant was of legal age when he was appropriating the money. That $2000 of the proceeds of the land he invested in the steam-

boat in the fall of 1881.    Appellant managed the boat in the spring and summer of 1882, and got all the proceeds derived therefrom; that he bought appellant's interest in the boat in the fall of 1882, and paid him $250.

J. T. Lanier testified that he wrote the deed from Neyland and wife to W. F. Ferguson for the boat, and thinks the consideration expressed in the deed was $1500.    W. F. Ferguson assumed to be owner of the boat—the deed was made to him individually.    Witness testified that he wrote the deed for W. F. Ferguson when he sold the boat.

W. F. Ferguson testified by deposition that "some of the proceeds of the sale was invested in the steamboat" (above referred to).    In answering to the sixth interrogatory put to him he said:    "L. T. Ferguson received between $750 and $800, which was over his share.    He drew his pay out of business that I was manager of.    I left him in charge of the steamboat we were running, and when I bought his interest in said boat our books showed that he had appropriated the amount of money above mentioned to his own individual use.    I don't know how much money he drew each time except the last payment which was $250; don't remember the dates."

*Douglass & Lanier*, for appellant.— 1.    A power of attorney executed by an infant, unlike his deed, is absolutely void and incapable of ratification.    Story on Con., sec. 59; Story on Ag., secs. 9, 13; Robinson v. Weeks, 56 Me., 102; 1 Am. Lead, Cases, 242, notes; Zouch v. Parsons, 3 Burr, 1804; Lawrence v. McArter, 10 Ohio, 37–42; Bennett v. Davis, 6 Cow., 393; Waples v. Hastings, 3 Harr., 403; 10 Peters, 71; Dexter v. Hall, 15 Wall., 9; Knox v. Flock, 22 Pa. St., 336; Pickler v. State, 18 Ind.; Cole v. Penoyer, 14 Ill., 158; Fonda v. Van Horne, 15 Wend., 631; Stafford v. Roof, 9 Cow., 626.

2.    The court erred in holding under the evidence that plaintiff L. T. Ferguson had ratified the acts of the persons named in said power of attorney as his agents in making the sale of the land to Paul Bremond, and that said plaintiff had received the consideration paid W. F. and E. A. Ferguson by said Bremond.

In no event can an infant be estopped from claiming land sold in person or by agent unless the identical consideration the land sold for has come into the personal possession of such infant.    Notes taken as consideration by the agent, discounted, and the proceeds invested in other property would be prejudicial to the rights of the infant, absolutely render the sale void, and therefore would not estop such infant from recovering the land.    Vogelsang v. Null, 67 Texas, 465; Story on Ag., secs. 9, 13.

*R. S. Lovett*, for appellee.—A power of attorney to sell and convey

land executed by an infant like his deed is merely voidable and not absolutely void. An infant's deed is merely voidable and not void. Bingham v. Barley, 55 Texas, 281, Stuart v. Baker, 17 Texas, 421; Kilgore v. Jordan, Id., 355.

An infant's power of attorney is merely voidable and not void. Cummings v. Powell, 8 Texas, 81; Whiting v. Dutch, 14 Mass., 462; Hastings v. Dollarhide, 24 Cal., 195; Hardy v. Waters, 38 Me., 450.

ACKER, PRESIDING JUDGE.—On the 4th day of September, 1880, appellant, then being under the age of twenty-one years, joined several of his adult brothers and sisters in the execution of a power of attorney to convey land which they owned as tenants in common. In September, 1881, the attorneys in fact, acting under the power, sold and conveyed the land to appellee's immediate vendor. Appellant attained majority June 4, 1882. This suit was brought on the 5th day of June, 1884, to recover appellant's interest in the land and to cancel the power of attorney and deed executed thereunder as a cloud upon his title. Appellant averred that he was an infant at the time he executed the power of attorney, and that he had never received any consideration for the land.

Appellee pleaded not guilty, and specially that appellant had received the consideration paid by appellee's vendor, and that appellant had ratified the sale. The trial was by the court, and resulted in judgment against appellant, that he take nothing.

The first assignment of error is: "The court erred in holding the power of attorney made an exhibit to plaintiff's second amended original petition and introduced in evidence voidable instead of void, the said power of attorney having been executed by plaintiff while an infant."

The transcript contains no conclusions of fact and law, and we are therefore not informed of the grounds upon which the court below based its judgment.

Whether the power of attorney of an infant to sell land is void or merely voidable has not been decided in this State. There are many authorities both English and American which hold that such a power is void, while it is well settled that a deed executed by an infant is merely voidable. We confess our inability to appreciate the reason given for the distinction maintained by the authorities. The rule generally recognized by the courts of this country as the test in determining whether an act of an infant is void or merely voidable is stated to be, "that whenever the act done may be for the benefit of the infant it shall not be considered void, but that he shall have his election when he comes of age to affirm or avoid it." * * * "It is regarded equally to the security of the infant and more to his advantage that by considering his acts voidable we shall give him the privilege of avoiding, which also implies that of confirming them, than that by considering them void we shall lay him

under the disability of acting at all and place him on a level with idiots and lunatics. It certainly could not be considered a great privilege to the infant for the court to have power to declare his contracts absolutely void although he might choose to ratify them." Tyler on Inf. and Cov., 49.

"The tendency of modern decisions is in favor of the reasonableness and policy of a very liberal extension of the rule that the acts and contracts of infants should be deemed voidable only." Kent's Com.

The reason for the rule that holds the deed of an infant voidable is to protect the infant against his own imbecility and lack of discretion and against the craft of others.

We are unable to discover any substantial reason why the same rule should not apply to a power of attorney, as the infant would thereby be afforded ample protection against the injurious consequences of indiscrete and improvident contracts and acts done during his minority.

The question is not presented, however, so as to require its decision in this case, as we think there is another ground upon which the court may have based, and probably did base, its judgment.

It appears that appellant was in his twentieth year when the power of attorney was executed and lacked only a few months of majority when the deed was executed under the power. He was transacting his own business, acting for himself as an adult, and the attorney who sold the land under the power, and who was appellant's brother, testified that appellant approved of the sale and urged him to make it, and that appellant received his full share of the proceeds of the sale. There was no evidence tending to show that appellee's vendor, who purchased under the power, knew that appellant was a minor or had any reason to suspect that he was. By executing the power of attorney he represented himself to be a major. He retained the purchase money, and did nothing indicating his purpose to repudiate the sale until this suit was brought, two years after he attained majority, and he does not offer to refund the purchase money.

Under this state of facts we think it immaterial whether the court held the power of attorney void or voidable. If voidable, to entitle appellant to recover he should have exercised his right of election and taken steps to avoid it within a reasonable time after attaining majority, and should also have tendered the purchase money received by him for the land. If void, it could not of course be the subject of ratification; but appellant being an infant of years of discretion at the time of performing the act he now seeks to repudiate, we think the court might well have held, under the facts of this case, that he was estopped from recovering the land. Bigel. on Est., 515, 516, 517; Herr. on Est., 1255, 1256, 1257; Handy, Trustee, v. Noonan, 51 Miss., 169; Clay v. Cottrell, 18 Pa. St., 413.

Other assignments present no question requiring consideration.

We are of opinion that the judgment of the court below is correct and should be affirmed.

*Affirmed.*

Adopted March 19, 1889.

Associate Justice Henry dissenting.