HOUGHTON & ROBINSON v. JOHN N. RICE.

Decided March 3, 1897.

1.  Insanity—Execution Sale.

Whether the sale under execution of the property of an insane person to one who has knowledge of that fact can be held valid, in view of our statutes which regulate the administration of the estates of the insane, questioned.

2.  Same—Notice—Consideration—Purchaser for Value.

A sale of the property of an insane person under execution for an inadequate consideration to a purchaser with knowledge of such insanity and who credits his bid upon the judgment may be set aside in a proceeding instituted for that purpose.

ON MOTION FOR REHEARING.

3.  Same—Direct or Collateral Attack.

In such case where the grounds for setting aside the sale arose subsequent to the judgment, the court in which suit is brought to recover the land upon the sheriff's

deed, and which had before it all the parties interested in the land and affected by the sale had jurisdiction of all matters between the parties relating to the subject of the suit and could set aside the sale. The proceeding is distinguishable from one to set aside the judgment, which could only be brought in the court where it was recovered.

**4. Insanity—Purchaser—Knowledge.**

See opinion for discussion of evidence to show knowledge on the part of the agent of the purchaser of the insanity of the owner of land sold under execution.

**5. Notice—Bid—Restoring Consideration.**

It was not essential in order to set aside the sale that the purchaser had notice of the owner's insanity nor that the amount bid should be tendered back when such amount was much less than the value of the property and being credited upon the judgment would be restored by setting aside the sale, and when nothing was actually paid but the costs of the sale, a consideration greatly inadequate.

**6. Same.**

Such purchaser acquired no greater rights under the execution sale than would one purchasing directly from the insane person.

APPEAL from the District Court of McCulloch County. Tried below before Hon. J. O. WOODWARD.

*F. M. Newman, Geo. F. Pendexter* and *Warren W. Moore*, for appellant.—A judgment against a lunatic, execution thereon, and sale under such execution of the property of such lunatic is not void, nor subject to collateral attack, and a purchaser at such sale takes good title to the property sold as against such lunatic. The testimony in this case does not show that appellee was insane at the date of the execution sale, at which appellant purchased the land in controversy in this. 1 Black, Judgments, 193, 200, 205, 265; Freeman, Judgments, secs. 151, 152, 153; Freeman, Executions, sec. 22; Dennis v. Elliott, 60 Texas, 337; Brown v. Rentfro, 57 Texas, 332; Milam County v. Robertson, 47 Texas, 233; Hooper v. Caruthers, 78 Texas, 438; Rev. Stats., arts. (2275) 2332.

The lunacy of the defendant in execution, and inadequacy of price, will not authorize a collateral attack upon an execution sale. House v. Robertson, 36 S. W. Rep., 202; Allen v. Stephanes, 18 Texas, 672; Driscoll v. Morris, 2 Texas Civ. App., 606; Haskins v. Wallet, 63 Texas, 219; Smith v. Perkins, 81 Texas, 157.

*Rudolph Runge* and *W. McShan*, for appellee.—The Statutes of Texas in force at the time of the issuance of the execution, levy and sale, under which appellants claim, provided for the appointment of executors and administrators of deceased persons and guardians of persons of unsound mind and said statutes—being the same in case of persons of unsound mind, as in case of decedents—required a presentment of all claims for money to the executor, administrator or guardian. Their classification and payment in due course of administration. Those statutes prohibit the sale under execution of any property belonging to the estate of such decedent or person of unsound mind. The testimony in this case being sufficient to warrant the court in finding that appellee

was insane at the time the of levy and sale, the court having rendered judgment for appellee, must be presumed that the court so found and such finding will not be reversed by this court. Rev. Stats., 1879, arts. 2477, 2018, 2031, 2037, 2050, 2661, 2652, 1993 and 1994.

This is a direct attack upon the execution, levy, sale and sheriff's deeds under which appellants claim; great inadequacy of price being shown and there being evidence that appellants obtained the issuance of execution, levy and sale at a time and under circumstances calculated to prevent the lands from selling at a fair price for the purpose of buying below their value, the court properly granted the relief prayed for in appellee's cross-bill and set aside the sale. Smith v. Perkins, 81 Texas, 156; Haskins v. Wallet, 63 Texas, 218; Kaufman v. Morris, 60 Texas, 121; Johnson v. Crawl, 55 Texas, 575; Chamblee v. Tarbox, 27 Texas, 146; 1 Story's Eq. Jur., 190-193; Taul v. Wright, 45 Texas, 395; Ontario Bank v. Lansing, 2 Wend., 260; Collier v. Wipple, 13 Wend., 224.

FISHER, CHIEF JUSTICE.— *Opinion.*—This action was by appellants, in the form of trespass to try title, against appellee, to recover a tract of land situated in McCulloch County.

Appellee for answer pleaded in abatement that he was insane at the time of the filing of this suit and was then insane, and was in such condition more than four years previous to the bringing of the suit. He also pleaded general demurrer, general denial and not guilty, and specially answered that appellants' claim the land by virtue of a seeriff's sale made October 2, 1894, under execution issued on·a judgment rendered in favor of the State National Bank as plaintiff against appellee and C. G. Prude as principals and appellants as endorsers; that about January 1, 1892, appellee became insane and has been insane ever since; that during all that time W. R. Rice, appellee's brother, managed appellee's business affairs for him, all of which was well known to the officers of the State National Bank, appellants and their attorney, F. M. Newman, Esq., and would have been known to them had they used ordinary diligence; that W. R. Rice left McCulloch County on a business trip to the Indian Territory about April 3, 1894, where he stayed till late in September that year, when he was informed that the property of John N. Rice in McCulloch County was about to be sold under execution; that immediately upon receiving such notice, W. R. Rice left for home in McCulloch County, traveling with all possible speed, but found the property sold upon his arrival in McCulloch County; that the officers of the State National Bank, appellants and their attorney, F. M. Newman, Esq., at the time of the issuance of execution, levy and sale, well knew, and by the exercise of ordinary diligence could have known, that at the time of the issuance of execution, levy and sale appellee was insane and that said W. R. Rice was managing appellee's business affairs and was absent from McCulloch County and State of Texas, and that there was no one in said county at the time to protect the interest of appellee; but that said bank and appellants, for the purpose of harassing and defraud-

ing appellee, and that appellants might buy the land greatly below their value, caused said execution to be issued and levy and sale made at a time when appellee was insane and there was no one to protect his rights, which they did by buying $2925 worth of property for $685; that appellants paid no value for said lands, but caused the amount of their bid to be credited on the execution; that the lands could have been sold for treble the amount they brought had appellee been represented upon such sale; and asked that the sale of the land be set aside and that appellee recover the land in controversy.

The court below rendered judgment to the effect that appellants take nothing by their suit and that appellee recover from the appellants the land in controversy and costs.

We find that appellee was common source of title, and that the State National Bank, October 9, 1885, recovered judgment against appellee and one C. G. Prude as principals and appellants as endorsers on a note, with judgment over in favor of appellants for the amount they were required to pay under said judgment. On October 30, 1885, this judgment was transferred by the bank to appellants. Appellants caused to be issued an execution on this judgment, and the same was levied upon the land in controversy by the sheriff of McCulloch County and the land sold to appellants for the sum of $685. The property at the time was reasonably worth the sum of about $2925. The appellee, at the time of the sale, was insane, and that fact was known to the agent and attorney of the appellants. W. R. Rice, a brother of appellee, was the business agent and manager of the property of his insane brother, and was at the time of the sale and previous thereto absent from the county of McCulloch and then in the Indian Territory. Appellants at the purchase of the property under the execution sale paid nothing of value therefor, as the consideration for said purchase was credited upon the judgment, then owned by appellants.

The real question in the case is whether the insanity of appellee at the time of sale, with knowledge thereof upon the part of appellants, coupled with the inadequacy of the consideration in the purchase of the lands, were grounds sufficient upon which to authorize the court below to set aside the execution sale. There is no attack made in this case upon the validity of the judgment under which the sale was made.

It is doubtful if a sale of property of an insane person under execution to one who has knowledge of that fact, under our statutes that regulate the administration of estates of insane persons, can be held valid for any purpose; but, under the facts of this case, this is a question that is not required to be decided, for we are of the opinion that a sale under execution, to a purchaser for an inadequate consideration, of the property of an insane person, with knowledge of such insanity, and who credits his bid upon his judgment, may be set aside in a proceeding instituted for that purpose. Alexander v. Haskins, 68 Iowa, 74.

The answer of the appellee was in effect a direct attack upon the sale to the appellants upon the ground alleged, and it was not bringing into

controversy collaterally that sale, as claimed by the appellants. There-
fore, in an attack of this character upon the sale, it may be set aside
upon grounds that show it to be voidable, as we hold to be the case
here.

*Judgment affirmed.*

*Warren W. Moore,* for appellants, moved for a rehearing on the fol-
lowing grounds:

1.   Because this court erred in its decision in holding that an execu-
tion sale, to a purchaser for an inadequate consideration, of the property
of an insane person, who had knowledge of such insanity, and who
credits his bid upon the judgment, may be set aside, in a suit of tres-
pass to try title by the purchaser, at the instance of such insane person,
as defendant, upon an answer setting up such facts, because such facts
render the said execution sale voidable and such an answer is a direct
and not a collateral attack upon such execution sale.   Such holding is
in direct conflict with the decisions of the Supreme Court in the cases
of Haskins v. Wallet, 63 Texas, 218, and Smith v. Perkins, 81 Texas,
157.

2.   Because this court erred in its finding of fact that appellants pur-
chased the land in controversy for $685, because the price paid at the
execution sale was $729.33, the court having ignored the sum of $44.33
costs, paid in addition to the sum $685.

3.   Because this court erred in holding that the purchase of land of
the value of $2590.50, at an execution sale for $685 (or for $729.33 if
this court should reform its finding of fact in accordance with the facts
as stated in the foregoing paragraph), and crediting such latter sum
upon the jndgment by the purchaser was a purchase for an inadequate
consideration.

4.   Because this court erred in its finding of fact that appellants had
knowledge of the insanity of appellee when they levied the execution
and purchased the land in controversy at the sale thereunder, or at the
time of the levy, or at the time of the sale, because there is absolutely
no testimony upon which to base such finding.

FISHER, CHIEF JUSTICE.— *Opinion on Motion for Rehearing.*—Ap-
pellants, in their motion for rehearing, repeat the contention that the
matter of insanity of defendant Rice and the irregularities in connec-
tion therewith in the execution sale specially pleaded by appellee as
grounds for avoiding and setting aside the execution sale under which
appellants claim the land, could not be heard in the court below, as that
court was without jurisdiction, and that such attack upon the execution
sale was collateral.   The grounds urged in avoidance of the sale arose
subsequent to the judgment upon which the execution was based and
therefore are not merged in the judgment.   This is not an attack upon
the judgment.   The suit below was instituted by appellants in the form
of trespass to try title in which the specific relief for asked was a recov-

ery of the lands from the defendant Rice.  One of the muniments of title relied upon was the deed by virtue of the execution sale and if this deed was valid and binding upon appellee it would serve as a basis for a recovery by appellants.  Appellee met this state of case by setting up in his answer that at the time this deed was executed and the sheriff sale was made he was insane, and in connection therewith stated other facts which were also pleaded as grounds for setting aside the conveyance under which appellants claimed.  The appellants at this time owned the judgment under which the sale was made, and as they purchased at that sale and were then asserting title thereunder, all the parties interested in the land and that were affected by the sale were before the court below.

Consequently the objections urged to the court below entertaining jurisdiction and hearing the cause cannot be based upon any grounds that relate to the parties.  But these objections must be grounded, if at all, upon the proposition that the court below was not the proper forum in which the defendant should urge objections to the execution sale and ask that it be set aside, and that such relief could not be extended to a defendant when sued for the land in an action of trespass to try title. If the defendant had desired to set aside the sale for irregularities in the manner of issuing or executing and returning the execution and had instituted proceedings looking to that end, his suit should have been brought in the court that issued the writ.  But another principle applies to this case, and that is, that when the court before which the controversy is pending has general jurisdiction over the parties to the suit and all the parties in interest are before the court and it has jurisduction of the main subject of controversy, the jurisdiction extends to all matters between the parties that relate to the subject matter of the suit, and that may affect the rights of either. This rule is fully illustrated by the cases of Stein v. Frieberg, Klien & Co., 64 Texas, 272; Seymour v. Hill, 67 Texas, 386; Eckford v. Knox, 67 Texas, 205; Chambers v. Cannon, 62 Texas, 295.  It is in effect said in the two cases last cited that the District Court, having obtained jurisdiction of a cause, had cognizance of it for all purposes of the suit and the full merits of the controversy could be settled by it between all the parties.  Some of the reasons which support this principle are that under our system matters of law and equity if properly pleaded may be all determined in the one controversy, as the district courts have jurisdiction of both such subjects.  This practice is commended for the reason that it saves a multiplicity of suits.  Now the District Court of McCulloch County had jurisdiction of the action of trespass to try title instituted by appellants, and by virtue of its general jurisdiction had the power to hear and determine the merits of the appellant's title when rested upon the execution sale, although the defendant, if he had so desired, could have instituted a proceeding in the court that issued the writ in the nature of an attack upon it in order to set it aside.  The defendant Rice when sued for the land—he and the plaintiffs being the

only ones interested in the matter—could urge in defense facts tending to show that the title asserted by plaintiffs should not prevail as against him.    The right of the parties, whether resting upon legal or equitable principles, growing out of the title to the property which was the main subject of investigation, could be inquired into by the court which had jurisdiction of the subject before it.    The defendant Rice could not collaterally attack the judgment upon which the execution was based for that imports absolute verity until set aside in a direct proceeding instituted for that purpose.    But no such standing and dignity is given to the act of an officer in executing the process issued from that judgment.    His act is ministerial and if he proceeds in an irregular or illegal way to execute the process, and undertake to convey the property of the defendant, or circumstances and conditions exist at the time of the sale which were not adjudicated and merged in the judgment which may be urged in preventing or avoiding the sale, the party so affected may urge these matters in defeating the right set up under the execution when he is sued as a defendant and all the parties in interest are before the court.

The motion for rehearing complains of the finding of this court to the effect that when the appellants purchased the land they and their agent had notice of the insanity of the defendant Rice.    We did not intend to intimate in our opinion that this finding was based upon direct and positive evidence establishing the fact found, for such is not the case; but there are some facts in the record which it was possible for the court below and this court to consider as having some bearing on this question and which would imply that the agent of appellants had notice of the insanity of defendant Rice.    The answer filed by the guardian ad litem in express terms charges that the agent of appellants, at the time of the execution sale, knew of the insanity of defendant Rice.    The evidence clearly shows that at that time, and long before, the defendant was insane, and that he and the agent of appellants both resided in the town of Brady City.    The evidence further shows that W. R. Rice, the brother of defendant, and as his agent, before the sale interviewed the appellants in order to affect a settlement of the affairs between them and defendant.    Notwithstanding these facts the agent of the appellants testified in the case and did not deny a knowledge of the insanity of the appellee although he had been expressly charged with notice of that fact.    We judically know from the public census reports that the town of Brady is a small town—a few hundred inhabitants.    And it may be well implied from all of these circumstances that the agent of appellants had knowledge of some facts which would tend to excite his inquiry into the mental condition of appellee.    He, as the representative of his principals, when upon the stand as a witness knew that the pleadings had made this an issue in the case and knew that he was charged with a knowledge of that fact as one of the circumstances which would be urged as grounds for setting aside the sale to his principals, and if he regarded that this was an important issue to be deter-

mined, which seems to be so regarded by appellants, his failure to deny under these circumstances a want of notice of the insanity may be considered as an important fact along with the other circumstances as tending to establish that he did know of such condition of defendant. But assuming that we were not correct in this finding, still we are of the opinion that the absence of notice of the insanity of the defendant under the facts of this case should not change the result we reached in disposing of the case. The finding that the appellants had notice of the insanity of Rice when they purchased the land was simply a statement of a fact along with the other facts which we considered in disposing of the case, but it was not intended by that that we regarded notice of such insanity as essential in order to set aside the sale. For, admitting that they had no notice or knowledge of the mental condition of Rice there are other facts in the record, when tested by the rules of law applicable in such cases, which would authorize the court to set aside the sale.

As stated before, the evidence clearly shows that defendant Rice was insane when the levy of execution was made and the sale thereunder occurred, and it also appears that when this was done W. R. Rice, the brother and agent of defendant, was absent and did not reach home until after the execution sale, although after hearing that the property was about to be sold he made diligent efforts to reach Brady City before the sale, and reached that place only a few hours after the sale. As stated in the original opinion, the appellants credited the amount bid by them at the execution sale on the judgment held by them, and that this was much less than the real value of the property purchased. Now we could doubtless correctly conclude that in view of the fact that as it was known among some of the people of the small town of Brady City that the defendant was insane, coupled with a supposition which more or less prevails that a sale of property of an insane person is to say the least doubtful, together with the fact that W. R. Rice, the brother and agent of defendant, was unable to be present at the sale, contributed in some respect to the inadequacy of price for which the land was sold. And if this is true, it would be such irregularity as would authorize the court to set aside the sale. Especially is this true in view of the fact that the appellants, not being purchasers for value, can not be protected as innocent purchasers. Johnson v. Crawl, 55 Texas, 573, and Kauffman & Runge v. Morriss, 60 Texas, 121, and cases there cited.

But independent of this question there is another view of the case which in our opinion will sustain the judgment of the court below, although the appellants may not have known of the insanity of the defendant Rice. We may concede that the deed of an insane person is not void but voidable, and that such contracts will be sustained in favor of a purchaser without notice of the insanity of his vendor when the contract was executed in good faith and for a fair consideration, and when the purchase money is not returned and the grantee can not be

placed in statu quo. This is a statement of what seems to be the general rule upon the subject. 11 Am. & Eng. Ency., Law., 150. But the requirement that the grantee must be restored to the condition occupied by him before the sale, and that the purchase money must be refunded, is by high authority questioned as impediments in the way of rescission and the disaffirmance of the conveyance. Gibson v. Soper, 6 Gray, 279; Hull v. Louth, 109 Ind., 315; Ricketts v. Jolliff, 62 Miss., 440; Crawford v. Scovell, 94 Pa. St., 48; Brigham v. Fayerweather, 144 Mass., 48. But for the purpose of disposing of this case we may, without deciding which of these two views are correct, concede that it is as strong as is stated in the general rule, still the facts do not show that the defendant should be denied the right of rescinding and disaffirming the sale. An essential element is wanting in this case which the general rule requires must exist in order to uphold the deed of an insane person, and that is, here the appellants did not pay a fair value or consideration for the land. And for this reason the sale is to the disadvantage of the lunatic, and as to him is essentially unfair. They paid nothing in money as the result of the sale except the sum of about forty-five dollars as the cost of the sale, which amount is so grossly inadequate when compared to the value of the land, which is shown to be about twenty-nine hundred dollars, that we can regard the transaction, when based alone upon the sum actually paid, as intrinsically unfair. The balance of the purchase price of the land, which was about six hundred dollars, was credited by appellants upon their judgment and execution. Setting aside the deed would restore their rights as creditors of the appellee for this amount, and as to this sum the defendant would not be required to restore it because he never received it. Therefore the cancellation of their deed would restore the appellants to the same position they were in before the purchase was made.

This decision is upon the general rule applicable to executed contracts of insane persons. But we can perceive no good reason why the principles there stated should not apply to a sale of the property of an insane person by an officer under execution. A purchaser from the officer acquires no greater right or indefeasible title than would be the case if he purchased directly from the insane defendant; and the existence of facts which if urged would avoid the title in one instance should upon principle avoid it in the other.

We adhere to the rulings made in originally disposing of the case, and therefore overrule the motion for rehearing.

*Motion overruled.*

Opinion delivered May 26, 1897.

Writ of error refused.