**FIRST STATE BANK OF OAKWOOD v. EDWARDS. (No. 8246.)**

(Court of Civil Appeals of Texas. Galveston. Nov. 16, 1922.)

**1. Infants ⬿102—Estoppel to set up minority as a defense, by leading adverse party to believe infant to be of age, held for the jury.**

In action to foreclose a chattel mortgage, defended on the ground that defendant was a minor at the time the notes and mortgage were executed, and that he promptly disaffirmed the contracts on coming of age, the question of whether the defendant was estopped from setting up his minority as a defense, by his conduct in obtaining loan, leading mortgagee to believe that he was of full age, *held* for the jury.

**2. Infants ⬿56—Infant, inducing other party to believe him of age, estopped from defending on grounds of minority.**

If infant's conduct in obtaining loan was such as to naturally and reasonably induce the mortgagee to believe that he was of full age and to deal with him on that assumption, though he may have made no verbal misstate-

ment as to his age, he was estopped from defending on the ground of minority.

**3. Infants ⬿58(2)—Cannot retain benefits of contract, and at the same time disaffirm obligation.**

An infant could not retain the benefits of a contract and at the same time disaffirm any obligation thereunder.

Appeal from Leon County Court; C. D. Craig, Judge.

Suit by the First State Bank of Oakwood against W. L. Edwards, Jr. From an adverse judgment, plaintiff appeals. Reversed and remanded.

Watson & Dashiell, of Centerville, for appellant.

GRAVES, J. Appellant sued appellee on his promissory note for $137.50 and for the foreclosure of a mortgage on two mules he had also given to secure it. His defense, after admitting the execution of the note and mortgage, was a plea of minority at the time the instruments were executed by him, that they were not given for necessaries and that he promptly disaffirmed the contracts on becoming of age. The cause was tried before a jury under a charge in effect simply directing a verdict for the defendant, if it was found he was a minor at the time the note and mortgage were given, and that he had not since ratified or confirmed them. On the return of a verdict in defendant's favor, judgment that the bank take nothing followed, and it duly presents this appeal.

In the state of the record presented here, this judgment cannot be permitted to stand. The appellant pleaded and the evidence clearly raised an issue, not submitted by the court, as to whether or not the appellee was estopped, in the circumstances, from setting up his minority as a defense to the note sued upon. The substance of the transaction was shown to have been as follows:

The appellee, only lacking 6 days at the time of being 20 years of age, borrowed the money from and gave the lien to appellant bank, which was his first business with it, for the purpose of buying in his own name from A. N. Miller two mules for his younger brother, who was a minor and could not buy and pay for them himself. Neither the bank's officers, with whom he negotiated the loan, nor Miller, from whom he bought the mules, had any idea appellee was not at the time of full age, and, although ample opportunity was at hand, he did not tell either of them he was not. He had then for 1½ years, at a neighboring town only about 6 miles away, been conducting in his own name a general merchandise business, and sending out mail and correspondence so showing. At the immediate town of Oakwood also, he had for the same length of time been receiving, re-

ceipting, and paying for freight at the railway depot in his own name, the agent dealing with him as a man of full age, had been likewise carrying with the other bank there, the Oakwood State, an account, on several occasions having borrowed money from it, and indeed in this instance he gave appellant a check signed by himself on the Oakwood State Bank for the balance necessary in completing his purchase of the mules over what appellant was lending him for that purpose. It was generally understood in the community that the young man was in business for himself, no one who testified to any business relations with him knew of his minority, but rather regarded him as of full age, which fact he is shown to have known by his admission that he borrowed this money for his younger brother, who could not get it for himself because of his own minority.

Appellant's president, among other things, testified:

"I had known Mr. Edwards personally for about two years when I made the loan, and had known of him transacting his own business, and of his being engaged in a mercantile business at Butler in his own name, for a like period of time. He had never done any business with the First State Bank prior to this transaction. It never entered my mind that he was not 21 years of age when he applied for this loan. If he had informed me that he was a minor, I most assuredly would not have made the loan. He had ample opportunity to inform me of that fact at the time the loan was negotiated. Neither I nor the bank had any interest in the mules sold to Mr. Edwards. We frequently made similar transactions in assisting farmers in the purchase of mules and horses."

[1, 2] Without further catalogue of it, we think this evidence raised the issue for the jury as to whether appellee's acts and conduct in obtaining the loan, although he may have made no verbal misstatement, naturally and reasonably induced the bank's president, who was ignorant of his disability, to believe that he was of full age and to deal with him on that assumption. If they did, under the well-settled law of this state, he could be held to his contract notwithstanding his minority. Harseim v. Cohen (Tex. Civ. App.) 25 S. W. 977, and authorities there cited; A. & E. Ency. of Law, vol. 11, p. 427.

The charge as given precluded recovery by the bank on any view of the facts, provided it was found the young man was under age. This was error.

[3] A further feature was the failure of the appellee to return the property he had on hand at the time of the trial as a result of the transaction. He testified he still had one of the mules and $12.50 of the money so borrowed. He could not be permitted to retain these benefits, and at the same time disaffirm any obligation to pay for them.

Ferguson v. Railway Co., 73 Tex. 344, 11 S. W. 347.

The judgment is reversed, and the cause remanded.

Reversed and remanded.