## EVANS v. HENRY.
### No. 12088.

Court of Civil Appeals of Texas.
San Antonio.
July 12, 1950.

Herman G. Nami, San Antonio, for appellant.

T. P. Hull, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Bexar County by Madeline Evans, a feme sole, as guardian of the person and estate of J. G. Diehl, an infant, against Sid Henry, seeking to recover the sum of $3,600.00, alleged to have been paid by the infant to Sid Henry as the purchase price of a 1947 Buick "71" Roadmaster Sedan Automobile.

The defendant, Sid Henry, answered contending that the infant, Diehl, should not be permitted to disaffirm his contract of purchase and recover back the money paid by him, (1) because no fraud was perpetrated upon the infant, (2) because the infant does not offer to place Henry, the seller, in status quo, (3) because the infant kept the automobile for almost a year and used it, and finally caused it to be wrecked and rendered almost worthless by reason of his tortuous negligence, (4) because the infant had ratified the contract of purchase, and (5) because the sale was procured by the fraud of the infant.

The trial was to the court without the intervention of a jury and resulted in judgment for the defendant and that plaintiff take nothing by reason of her suit, from which judgment plaintiff has prosecuted this appeal.

The evidence shows conclusively that the infant, J. D. Diehl, was born on September 8, 1928, and was therefore eighteen years of age when he purchased the Buick automobile, twenty years of age when he filed this suit, on June 5, 1948, and twenty-one years of age on October 25,

1949, when the case went to trial. Therefore, there could have been no ratification before the suit was filed, as Diehl was still an infant at that time.

Appellant's first point is as follows: "The error of the Court in permitting the testimony of the witness, B. R. Goldapp, relating to transactions by the minor with the Alice Bank and Trust Company, there being no allegations in defendant's answer that the said minor was generally well known to be transacting business for himself."

■■■ We overrule this point. The appellee plead estoppel in this case based upon, among other things, the fact that the appellant had told him that he was engaged in the combine business at Alice, Texas, and had a bank account with the Alice Bank and Trust Company. The witness Goldapp testified to many transactions with the infant in Alice, Texas, and unquestionably some of this testimony was admissible. The only objection made to all of this testimony was as follows: "I object to any transaction that happened down there, which does not have any bearing whatsoever on the transaction occurring up here." The objection does not point out any particular evidence that it was objecting to and it is too general to be considered under the circumstances. Furthermore the trial was before the court and we may presume if the evidence was inadmissible, it was not considered by the trial judge.

Appellant's second point is as follows: "The error of the Court in rendering judgment in favor of the defendant because it affirmatively appeared without dispute that the said J. G. Diehl was a minor and 19 years of age at the time of the transaction and purchase of said automobile."

■■■ We overrule this point. Appellee plead that the infant was estopped to disaffirm his contract of purchase on the ground of nonage because he represented himself to be of full age at the time he purchased the Buick automobile. The rule is well settled in this State that if an infant induces a seller to enter into a contract of sale by fraudulently representing himself to be a person sui juris, then he is estopped

to disaffirm his contract. 23 Tex.Jur., Title, Infants, Sections 9, 37 and 38; First State Bank of Oakwood v. Edwards, Tex.Civ. App., 245 S.W. 478; Harseim v. Cohen, Tex.Civ.App., 25 S.W. 977.

In 23 Tex.Jur. p. 730, § 37, the rule in Texas is stated as follows: "While there is much conflict in the common-law authorities generally as to the effect upon a contract of fraudulent misrepresentation by the minor of his age, the rule in Texas is that a minor may be held to any contract obtained by fraudulent representations tending naturally and reasonably to induce persons ignorant of his minority to believe that he is of full age and to deal with him on that basis. Before a party to a contract may invoke the benefit of this rule, however, he must show that he was in fact misled by the infant and that the fraud induced the making of the agreement. If the minor did not consciously deceive, the mere fact that the other party really believed that he was dealing with an adult will not preclude the minor from rescinding, in the absence of pleading and proof of facts showing an estoppel."

■■ The evidence in this case shows that the minor, J. G. Diehl, appeared to be a person of full age. He represented to appellee, Sid Henry, that he had purchased a Buick automobile before; that he had money in the bank and was in position to give a personal check for some $3,405.00, the purchase price of the automobile, and that he was free, white and twenty-one. A telephone call to the bank revealed that his check for this amount would be honored at the bank. Furthermore, he represented that he was engaged in the combine business at Alice, Texas, and conducted himself in such manner as to convey the impression that he was an adult person. The trial court, after hearing all the evidence, impliedly held that the contract was induced by the fraud of J. G. Diehl and denied him any recovery by reason of his suit. This testimony raised an issue of fact addressed to the discretion of the trial judge and he has resolved that issue in favor of appellee and against Diehl.

The judgment of the trial court is affirmed.