**C. L. CAIN and Hershel Wood, Appellants,**

**v.**

**Henry COLEMAN, Appellee.**

**No. 7666.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 19, 1965.

Rehearing Denied Nov. 30, 1965.

Harry B. Friedman and Harkness & Friedman, Texarkana, for appellants.

Edward Miller, Raffaelli & Keeney, Texarkana, for appellee.

CHADICK, Chief Justice.

A minor through his father as next friend brought this suit against a used car dealer to recover $875.00 paid for a used automobile. Summary judgment against the partners composing the dealership was entered. The judgment is reversed and the case remanded for trial.

The affidavits on file show that the used car dealer, acting through one of its partners, sold Willie Coleman a 1957 Chevrolet Convertible on April 29, 1964, for $875.00 cash. Willie Coleman was then twenty years of age, and had no need for the automobile. He took possession and drove the vehicle home, although he did not then or thereafter receive a title certificate vesting ownership in him. The affidavits present an immaterial conflict as to whether Willie returned the car to the used car lot the first or second day after the purchase transaction.

Willie Coleman says by affidavit that the purchase was made without the knowledge or consent of his father, Henry Coleman. Besides the evidence already recited the remaining facts, according to Willie's affidavit, are that he returned the car to the partnership on April 30, 1964, disaffirmed the sale and demanded return of his purchase money. The car, he says, was returned in the same condition as when bought, and was accepted by the car dealer, though reimbursement was refused. Also, he deposes in his affidavit and pleads in his petition that on May 1, 1964, he and his father by certified mail notified the dealer of the disaffirmance of the sale and offered to execute a transfer of title, if title to the car had previously vested in him.

The car dealer countered the Coleman affidavit by filing the affidavit of one of its partners, C. L. Cain. Such affidavit says in part:

"On or about April 29, 1964, Willie Henry Coleman came to my place of business and wanted to buy a car. I questioned him very closely as to his age and he told me that he was over twenty-one years of age. Furthermore, he told me that he was a married man. He signed a certificate to the effect that he was over the age of twenty one. If I had had any reason to believe that he was not telling me the truth and that he was not over twenty one or that he was not married, I would not have traded with him. This man, Coleman, had a man with him who was held out to be his father and the other man with him stated that his boy was over twenty one.

"About two days after I sold him the car, he brought the car back to

the lot for an oil change. I had told him when I sold him the car that he had an oil change coming. I delivered the car to the Mickey Haltom Service Station for the oil change and the car has been at Mickey Haltom's Service Station ever since. The car has never been tendered back to me.

"During the time that Coleman had the car, he had abused the car to the extent that the inserts in the motor were not loose, considerably depreciating the car."

The appellee's brief invites affirmance on either of two grounds. *First.* Willie Coleman by reason of his minority was privileged to repudiate the sale and recover the consideration paid for the automobile. *Second.* The dealer failed to transfer title by appropriate certificate in violation of Article 1436–1, Secs. 33, 51 and 53, Vernon's Annotated Penal Code. Such violation rendered void the sale and on disaffirmance Willie Coleman was entitled to recover the purchase money in an action for money had and received. However, there emerge facts and fact issues on comparison of the Coleman and Wood affidavits, inconsistent with the summary judgment rendered, whether one or the other theory is considered.

■ The Supreme Court of Texas has not by its own expression or by writ action authoritatively dealt with estoppel to disaffirm contracts arising out of a minor's fraudulent representation. However, Chief Justice Murray of the San Antonio Court in Evans v. Henry, Tex.Civ.App.1950, 230 S.W.2d 620, no writ, says:

" * * * The rule is well settled in this State that if an infant induces a seller to enter into a contract of sale by fraudulently representing himself to be a person sui juris, then he is estopped to disaffirm his contract. 23 Tex. Jur., Title, Infants, Sections 9, 37 and 38; First State Bank of Oakwood v. Edwards, Tex.Civ.App., 245 S.W. 478;

Harseim v. Cohen, Tex.Civ.App., 25 S. W. 977.''

Textually and by cases cited in the footnotes in "Infants", 30 T.J.2d, secs. 32 and 33, the rule is found in much the same language. 7 Cyclopedia of Automobile Law and Practice (Blashfield), p. 340, Sec. 4437, recognizes estoppel to disaffirm as a rule prevailing in many states. The averments in the affidavit of the interested party Cain that Willie Coleman represented his age to be over twenty-one years, etc., raised fact issues pertinent to the elements of the appellants' defense of estoppel. See Evans v. Henry, supra. Determination of these fact issues by the trial judge is not authorized in a summary judgment proceeding. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex. Sup.Ct., 1965, 391 S.W.2d 41; 4 (McDonalds) Texas Civil Practice, Sec. 17.26.5.

■ Equitable principles governing suits for money had and received bars a summary judgment awarding Coleman recovery of the entire purchase price in view of the conflict of facts developed by the affidavits on file. The affidavits make no reference to a demand by Willie Coleman on the used car dealer for a certificate of title to the automobile he purchased. It will be assumed that he complied with Penal Code Article 1436–1, Sec. 52, and made demand, as it will not be presumed that he violated a penal statute. It appears settled as a general rule that in suits for money had and received the parties must be placed in the same relative position they occupied at the time the void sale occurred. As a prerequisite to recovery, Willie Coleman was under a duty to restore the automobile to the dealer in as good condition as when received, or account for any damage to it. Hunt v. Turner, 9 Tex. 385; 17 American Jur.2d, Contracts, Secs. 233 and 512; 58 C. J.S. Money Received, § 26c, p. 931. On recourse to the affidavits it is found that Willie Coleman says the automobile was returned in good condition, while Wood says it was returned with damage to certain parts and in a depreciated condition.

A fact issue exists as to the vehicle's condition when returned. Resolution of the issue was not appropriate in a summary judgment proceeding.

Although distinguishable, such cases as Myers v. Hurley Motor Co., 273 U.S. 18, 47 S.Ct. 277, 71 L.Ed. 515, 50 A.L.R. 1181; Reeb v. Danley, Tex.Civ.App.1949, 221 S.W.2d 579, no writ, and Foster v. Beall, Tex.Civ.App.1922, 242 S.W. 1117, no writ, illuminate principles of law applicable in this case. The judgment of the trial court is reversed and the case remanded for trial on the merits.